

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PELICAN AUTO FINANCE, LLC            PLAINTIFF

VS.            CIVIL ACTION NO.: 5:15cv125DCB-MTP

ACCC INSURANCE COMPANY,
MYRIO COTTON AND SHERYL COTTON            DEFENDANTS

## NOTICE OF REMOVAL

To:     THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI - PIKE DIVISION

The Defendant, ACCC Insurance Company, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, hereby gives this Notice of Removal of this cause to the United States District Court for the Southern District of Mississippi, Western Division, and sets forth the following grounds for removal:

1.     This cause was filed in the Circuit Court of Pike County, Mississippi, on or about November 5, 2015, bearing civil cause no. 15-250-PCS on the docket of said Court. ACCC Insurance Company is named as a Defendant. A copy of the Complaint and all process, pleadings, and orders served upon defendant is included in Exhibit "A."

2.     The Defendant, ACCC Insurance Company, removes this case within 30 days of being served with process.

3.     The Plaintiff, Pelican Auto Finance, LLC, is alleged to be a limited liability company organized and existing under the laws of the State of Pennsylvania. *See* Complaint at paragraph 2. On information and belief, Pelican Auto Finance, LLC is incorporated in the State of Delaware, with its principal place of business in San Diego, California. Further, on information and belief, the sole

member of Pelican Auto Finance, LLC is Troy Cavallaro, a resident citizen of San Diego, California. See Mississippi Secretary of State records attached as Exhibit "B."

4.      The Defendant, ACCC Insurance Company, is an insurance company licensed to do business in the state of Mississippi, and incorporated in the state of Texas and has its principle place of business in Houston, Texas, and is not a citizen of the State of Mississippi.

5.      The Defendant Myrio Cotton, is alleged to be an adult resident citizen Mississippi, who may be served with process at 112 Austin Guy Road, Tylertown, Mississippi. *See* Complaint at paragraph 3.

6.      The Defendant Sheryl Cotton, is alleged to be an adult resident citizen Mississippi, who may be served with process at 112 Austin Guy Road, Tylertown, Mississippi. *See* Complaint at paragraph 4.

7.      On information and belief, the facts and circumstances of the claims and causes of action pled against the defendants do not have identical or similar alleged histories, facts, witnesses or elements. Accordingly, Plaintiff's claims do not arise out of the "same transaction, occurrence, or series of transactions or occurrences" as required by law under Mississippi Rule of Civil Procedure 20 and/or Federal Rule of Civil Procedure 20. *Palermo v. Letourneau Technologies, Inc.*, 542 F.Supp.2d 499 (S.D. Miss. 2008). *See also Hegwood v. Williamson*, 949 So. 2d 728 (Miss. 2007) (holding improper joinder of third party tort claim with first party breach of contract and bad faith claims against State Farm). Because the attempted joinder of defendants in this action was totally without support, such misjoinder was egregious, and therefore fraudulent as those terms of art are employed in removal analysis. *Id., Nsight Technologies, LLC v. Federal Insurance Co.*, 2009 WL 1106868 (S.D. Miss. 2009) (holding joinder of tort claim with first party bad faith contract claim

on insurance policy was fraudulent misjoinder); *See also Travis v. Irby*, 326 F. 3d 644 (5th Cir. 2003); *Smallwood v. Ill. Central Railroad Co.*, 385 F. 3d 568 (5th Cir. 2004).

8. Because the individual defendants Myrio Cotton and Sheryl Cotton were fraudulently misjoined, diversity should be determined without regard to any identity of their alleged citizenship and/or the misjoined defendants should be severed from this action. After accounting for the fraudulent misjoinder of the individual defendants Myrio Cotton and Sheryl Cotton, this action is within the original jurisdiction of this Court under 28 U.S.C. § 1332.

9. This Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and this matter is one in which Defendant ACCC Insurance Company is entitled to remove to this Court pursuant to 28 U.S.C. § 1441, in that there is complete diversity of citizenship between the Plaintiff and the properly joined Defendant. Although the complaint is silent, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's Complaint demands judgment against ACCC Insurance Company for actual, and punitive damages, among others. See Exhibit "A." Unspecified claims for punitive damages, as Plaintiff has alleged in the instant Complaint "sufficiently serve to bring the amount in controversy over the requisite threshold set out in 28 U.S.C. § 1332." *Ross v. First Family Fin. Servs., Inc.*, 2002 WL 31059582 (N.D. Miss. 2002).

10. In addition and alternatively, on information and belief, the causes of action pled against ACCC Insurance Company can independently be removed to federal court as a separate "civil action." *See Moore v. Century Ins. Co.*, 399 F.Supp. 929 (S.D. Miss. 1975); *Bondurant v. Watson*, 103 U.S. 281 (1880). The claims against ACCC are wholly separate and independent of the underlying claims against defendant Myrio Cotton and Sheryl Cotton and constitute a separate civil

action within the purview of the removal statues.

11. The prerequisites for removal under 28 U.S.C. § 1441 have been met. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the Clerk of the Circuit Court of Pike County, Mississippi.

12. The improperly misjoined defendants are not required to join this Notice of Removal.

13. A copy of all process, pleadings, and orders served upon defendants are attached as Exhibit "A".

14. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of ACCC Insurance Company's rights to assert any defense or affirmative matter.

WHEREFORE, PREMISES CONSIDERED, the Defendant, ACCC Insurance Company, hereby removes this civil action from the Circuit Court of Pike County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division. Plaintiff is hereby notified to proceed no further in state court.

Respectfully submitted, this the 17th day of December, 2015.

ACCC INSURANCE COMPANY

By: _____
R. BRADLEY BEST (MSB #10059)
EDWARD R. MCNEES (MSB #102314)

OF COUNSEL:

HOLCOMB, DUNBAR, WATTS,
BEST, MASTERS & GOLMON, P.A.
400 South Lamar, Suite A
P.O. Drawer 707
Oxford, Mississippi 38655
662-234-8775 telephone
662-238-7552 facsimile

## CERTIFICATE OF SERVICE

I, R. Bradley Best, hereby certify that I have this day mailed, postage prepaid, a true and correct copy of the above and foregoing document to the following:

Joe S. Deaton, III
R. Jason Canterbury
Deaton & Berry, P.A.
P.O. Box 320099
Flowood, MS 39232
*Counsel for Pelican Auto Finance, LLC*

Myrio Cotton
112 Austin Guy Road
Tylertown, MS 39667

Sheryl Cotton
112 Austin Guy Road
Tylertown, MS 39667

Roger Graves
Circuit Clerk
P.O. Drawer 31
Magnolia, MS 39652

THIS, the 17th day of December, 2015.

_____
R. BRADLEY BEST