SUIT C0007189-4

IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI,

PELICAN AUTO FINANCE, LLC                                      PLAINTIFF

VS                                   CAUSE NO. 15-250-PCS

ACCC INSURANCE COMPANY,
MYRIO COTTON, AND SHERYL COTTON                     DEFENDANT

### SUMMONS

THE STATE OF MISSISSIPPI

Delivery this 9th day of Dec, 2015
ALAN ROSEN, Constable
Precinct #1, Harris County
By _____ Deputy

TO: ACCC INSURANCE COMPANY
     390 BENMAR DRIVE, SUITE 225
     HOUSTON, TX 77060

### NOTICE TO DEFENDANT

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Joe S. Deaton, III, one of the attorneys for Plaintiff, whose address is Deaton & Berry, P.A., 229 Katherine Drive, Flowood, MS 39232. Your response must be mailed or delivered within **thirty (30) days** from the date of delivery of this Summons and Complaint or a Judgment by Default will be entered against you for the money or other things demanded in the Complaint. Your response to the First Set of Interrogatories and Request for Production of Documents attached to the Complaint must be mailed or delivered within **forty-five (45) days** from the date of delivery of this Summons.

EXHIBIT A

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT, this the __5__ day of November, 2015.

                                      Roger Graves, Clerk
                                      Pike County Circuit Court
                                      Post Office Drawer 31
                                      Magnolia, MS 39652

BY: _____

OF COUNSEL:
DEATON & BERRY, P.A.
229 KATHERINE DRIVE
P.O. BOX 320099
FLOWOOD, MISSISSIPPI 39232
TELEPHONE: (601) 988-0000
FACSIMILE: (601) 988-0001

FILED
PIKE COUNTY, MISS.
NOV 0 5 2015
ROGER A. GRAVES
BY PLAINTIFF CIRCUIT CLERK

IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

PELICAN AUTO FINANCE, LLC     PLAINTIFF

VS     CAUSE NO. 15-250-PCS

ACCC INSURANCE COMPANY,
MYRIO COTTON, AND SHERYL COTTON     DEFENDANTS

## COMPLAINT

COMES NOW, the Plaintiff, Pelican Auto Finance, LLC, (hereinafter sometimes referred to as "Plaintiff"), by and through its counsel, Deaton & Berry, P.A., and files this, its Complaint against the Defendants, and in support of its cause of action would state the following:

## PARTIES

1.

The Plaintiff, Pelican Auto Finance, LLC is a Limited Liability Company organized and existing under and by virtue of the laws of the State of Pennsylvania.

2.

Defendant, ACCC Insurance Company is a corporation organized and existing under the laws of the State of Texas was doing business in the State of Mississippi at all times relevant to this cause of action. Defendant may be served with process by serving its agent for service of process, at 390 Benmar Drive, Suite 225, Houston, Texas 77060, or wherever he may be found.

1

3.

Defendant, Myrio Cotton is an adult resident citizen of the State of Mississippi who may be served with process of this court at 112 Austin Guy Road, Tylertown, Mississippi 39667 or by any other means allowed pursuant to the Mississippi Rules of Civil Procedure.

4.

Defendant, Sheryl Cotton is an adult resident citizen of the State of Mississippi who may be served with process of this court at 112 Austin Guy Road, Tylertown, Mississippi 39667 or by any other means allowed pursuant to the Mississippi Rules of Civil Procedure.

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over this action and the parties as the subject transaction took place in McComb, Mississippi. Therefore, venue is proper in Pike County, Mississippi.

## FACTS

6.

On or about January 26, 2015, Myrio Cotton and Sheryl Cotton purchased a 2008 Pontiac G5 from Car's IV in McComb, Mississippi for the total price of $7,837.00. (See Retail Installment Contract and Security Agreement attached as Exhibit

2

"A"). Financing for the purchase of the automobile was provided by the Plaintiff. Plaintiff financed $6,337.00 for the purchase of the subject automobile, which was the balance due after the customer paid a down payment in the amount of $1,500.00.

7.

The subject 2008 Pontiac G5 (VIN # 1G2AL18F987345965) was insured by Defendant, ACCC Insurance Company, with said policy providing comprehensive coverage and collision coverage for the automobile. The ACCC insurance policy No. MSE0261226-5 insured Ms. Cotton and contained an endorsement effective on December 23, 2014 naming the Plaintiff as an additional insured and loss payee under the policy. (See Exhibit "B").

8.

On or about February 19, 2015 the subject automobile was involved in an accident, which resulted in the total loss of the vehicle. At the time of the subject accident, the ACCC policy of insurance was in full force and effect.

9.

As additional insured and loss payee, Plaintiff made demand on ACCC to pay the total loss for the vehicle, and despite their clearly being coverage and Plaintiff clearly being named as loss payee and additional insured under the subject policy, ACCC has wrongfully denied payment.

## COUNT I

## BREACH OF CONTRACT AGAINST ACCC

10.

Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

11.

Defendant ACCC, by virtue of adding the Plaintiff to the subject policy as a loss payee and additional insured became contractually obligated to the Plaintiff to pay for all losses covered under the policy of insurance issued by ACCC covering the subject 2008 Pontiac G5. ACCC is in breach of its contractual obligations to the Plaintiff by wrongfully refusing to honor its contractual obligations and pay for the total loss of the 2008 Pontiac G5.

12.

As a direct and proximate consequence of this breach of contract by Defendant, ACCC, Plaintiff has been injured and has experienced actual, consequential, and incidental damages, including, but not limited to the amount loaned to Ms. Cotton on the subject vehicle, interest as well as attorneys' fees and costs.

4

## COUNT II

## DECLARATORY JUDGMENT AGAINST ACCC

13.

Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

14.

ACCC is in the business of providing insurance coverage and did provide insurance coverage to the Plaintiff as an additional insured and loss payee under policy No. MSE0261226-5, with regard to the subject vehicle. The endorsement declaration attached as Exhibit "B" listed Plaintiff as an additional insured under said policy and loss payee. The premium had been paid and the policy was in full force and effect at all times relevant and at the time of the accident which resulted in a total loss to the subject vehicle.

15.

Plaintiff filed a claim with ACCC seeking coverage for the loss sustained. However, even though coverage clearly exists, ACCC has wrongfully denied the Plaintiff coverage and refused to indemnify Plaintiff for the losses it suffered.

16.

Plaintiff is seeking to have this Court render a declaratory judgment pursuant to Rule 57 of the Mississippi Rules of Civil Procedure for the purposes of determining a question of actual

5

controversy between the parties concerning their rights, obligations and coverages under the subject policy regarding the issue of whether there is in fact insurance coverage in this matter. A declaratory judgment by this Court would save Plaintiff the additional costs and expenses of litigating this matter and would promote judicial economy.

17.

Based upon the representations made by the Defendant and the express subject policy of insurance and endorsement, the Plaintiff is entitled to full coverage under the subject policy for the claims as laid out in Plaintiff's claim for benefits under the policy and as 18 herein.

18.

Plaintiff therefore seeks a declaration that the subject policy provides full coverage for the losses as laid out in Plaintiff's claim and as described herein.

19.

Defendant's coverage position is contrary to the express terms of the subject policy and endorsement.

<u>COUNT III</u>

<u>NEGLIGENCE AND GROSS NEGLIGENCE AGAINST ACCC</u>

20.

Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

6

21.

Defendant acted with negligence, gross negligence, willful disregard and/or malice in failing to pay Plaintiff for a covered claim.

22.

Defendant negligently failed to investigate the subject claim and negligently failed to properly evaluate and honor Plaintiff's claim.

23.

Defendant's negligence and/or gross negligence, as described above, has proximately caused Plaintiff's damages as set forth in this Complaint.

## COUNT IV

### BREACH OF FIDUCIARY DUTY AGAINST ACCC

24.

Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

25.

By virtue of the dependency of Plaintiff on the superior knowledge of the Defendant and the fact that the Plaintiff placed its confidence and trust in the Defendant to properly handle the insurance matters, there existed a confidential and fiduciary relationship between Plaintiff and Defendant.

26.

Defendant was aware or the Plaintiff's reliance upon the Defendant to truthfully and completely advise the Plaintiff concerning the insurance matters and to procure a policy of insurance that would cover its needs.

27.

Defendant breached its fiduciary duty owed to the Plaintiff in that it either negligently or intentionally misrepresented the terms of the subject policy or the coverage allegedly provided therein, and refused to honor the terms of said policy once a claim was made.

28.

The Defendant's breach of fiduciary duties, as described above, has proximately caused Plaintiff to suffer damages as set forth in this complaint.

### COUNT V

### FRAUDULENT MISREPRESENTATION AND/OR OMMISSION AGAINST ACCC

29.

Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

30.

Defendant negligently made false, misleading, and deceptive misrepresentations to Plaintiff and/or omitted material facts in connection with selling insurance coverage to the Plaintiff

8

and/or misrepresenting to Plaintiff that coverage would be provided to Plaintiff as loss payee and additional insured under the subject policy.

31.

At the time that the Defendant sold the subject policy of insurance and added the Plaintiff as additional insured and loss payee under the subject policy, the Plaintiff had every right to rely on the representations made that coverage for the losses described herein would be provided. According to the actions and or inactions of the Defendant, the Plaintiff is being denied the coverage with it was represented by the Defendant that it had under the subject policy. According to Defendant's interpretation of the subject policy and/or endorsement, the coverage represented to be in place is inadequate and of no value in the event of damages and/or losses such as the ones suffered by the Plaintiff and described herein. Any facts relied upon by the Defendant in denying coverage to the Plaintiff were negligently concealed by the Defendant.

32.

The negligent misrepresentations, concealment, and omissions by the Defendant was material in that the Plaintiff would not have extended the subject loan to Myrio Cotton and Sheryl Cotton, or would have required or procured additional insurance coverage to protect its collateral absent the

9

deceptive and misleading statements and/or omissions of material facts by the Defendant.

33.

As a direct and proximate result of the Defendant's negligent misrepresentations, concealment, and omissions, the Plaintiff has been proximately damaged in an amount to be shown at trial.

### COUNT VI

### BAD FAITH REFUSAL TO PAY INSURANCE BENEFITS AGAINST ACCC

34.

Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

35.

The acts and omissions of the Defendant amounted to bad faith refusal to pay a valid insurance claim in that ACCC denied a timely reported and covered claim without legitimate or arguable reason for doing so.

36.

The Defendant's wrongful denial of coverage without justification has defeated the reasonable expectations of the Plaintiff that the losses as described herein would be covered under the subject policy.

37.

ACCC has failed and refused without reasonable cause to properly investigate Plaintiff's claim, pay Plaintiff's claim and, as of this date, continues to fail and refuse to investigate same, pay same, although Plaintiff has requested that Defendant do so on numerous occasions.

38.

Defendant, ACCC acted with negligence, gross negligence, willful disregard, and/or malice in refusing to pay the claim submitted by the Plaintiff. Such conduct rises to the level of an independent tort, entitling Plaintiff to an award of punitive damages and attorneys' fees.

### COUNT VII

### ESTOPPEL AND DETRIMENTAL RELIANCE AGAINST ACCC

39.

Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

40.

The Plaintiff reasonably relied to its detriment on the misrepresentations concerning material facts made by the Defendant, and the concealment of material facts by the Defendant as set out in the foregoing paragraphs.

11

**41.**

Under the doctrines of detrimental reliance, equitable estoppel and promissory estoppel, the Defendant is liable to the Plaintiff for its resulting damages. Further, the Defendant should be estopped from asserting any contractual and/or limitations defense to the causes of action stated herein.

## COUNT VIII

### PUNITIVE DAMAGES

**42.**

Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

**43.**

Defendant, through its policies, staff, subsidiaries, agents, and employees knowingly, willfully and in reckless disregard of the rights of the Plaintiff, did knowingly, arbitrarily, willfully and wrongfully deny the claim of the Plaintiff, without any legitimate and arguable reason, and in a reckless, willful and malicious manner.

**44.**

The actions of the Defendant was so egregious, callous, malicious, and grossly negligent as to infer intentional indifference and reckless disregard to the right, both contractually and otherwise of the Plaintiff. The actions of the Defendant was reprehensible and entitles the Plaintiff to

12.

punitive damages to punish the Defendant from undertaking such actions again and deter others in the same or similar positions from undertaking such wrongful actions.

### COUNT IX

### BREACH OF CONTRACT AGAINST MYRIO COTTON AND SHERYL COTTON

45.

Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

46.

Defendants entered into a Retail Installment Contract and Security Agreement (referred to herein as "Sales Contract") with the Plaintiff to purchase the subject vehicle. A copy of the subject Sales Contract is attached hereto as **EXHIBIT "A"** and incorporated herein by reference. Defendants breached the Sales Contract by failing to pay the Plaintiff in accordance with the Sales Contract as set forth in the Sales Contract attached as **EXHIBIT "A"**. Accordingly, Plaintiff is entitled to recover the amount financed with Plaintiff of $6,337.00, plus interest in the amount of $3,532.73 as set forth in the Sales Contract, along with attorneys' fees, expense, court costs and post judgment interest at the legal rate until satisfied.

## PRAYER FOR RELIEF

47.

Plaintiff is entitled to coverage under the subject policy and endorsement for the losses as laid out in Plaintiff's claim submitted to Defendants as well as described herein and other such relief, including, but not limited to:

a. A declaration by this Court that the subject policy and endorsement provides coverage for the full amount of Plaintiff's claims;

b. Attorney's fees and expenses;

c. Court costs and expenses;

d. Prejudgment and post-judgment interest;

e. Contractual damages;

f. Compensatory damages;

g. Punitive damages;

h. Any and all other relief deemed appropriate by the Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that upon a trial of these causes of action, judgment will be entered against the Defendants declaring that the Plaintiff is entitled to the declaratory relief sought as well damages, both compensatory and punitive damages, together with interest, attorneys' fees and costs in an amount to be determined at trial.

14

THIS, the 3rd day of November, 2015.

                            Respectfully submitted,

                            PELICAN AUTO FINANCE, LLC

                By: _____
                        JOE S. DEATON, III, MSB #8839
                        R. JASON CANTERBURY, MSB #103297
                        *ATTORNEYS FOR PLAINTIFF*

OF COUNSEL:

DEATON & BERRY, P.A.
229 KATHERINE DRIVE
POST OFFICE BOX 320099
FLOWOOD, MISSISSIPPI 39232
TELEPHONE: (601) 988-0000
FACSIMILE: (601) 988-0001

15