IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**PELICAN AUTO FINANCE, LLC**                                                     **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO.:  5:15-CV-125-DCB-MTP**

**ACCC INSURANCE COMPANY,**
**MYRIO COTTON AND SHERYL COTTON**                          **DEFENDANTS**

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**ACCC INSURANCE COMPANY**

ACCC Insurance Company ("ACCC") files its Answer and Affirmative Defenses to the Complaint filed against it and responds, paragraph by paragraph, as follows:

**PARTIES**

1. Admitted upon information and belief.

2. Admitted.

3. ACCC is without sufficient knowledge or information with which to admit the truth of the allegations alleged in paragraph 3 of the Complaint and therefore denies the same, and requests proof thereof.

4. ACCC is without sufficient knowledge or information with which to admit the truth of the allegations alleged in paragraph 4 of the Complaint and therefore denies the same, and requests proof thereof.

**JURISDICTION AND VENUE**

5. It is denied that the Circuit Court of Pike County, Mississippi, has jurisdiction over this matter; this cause of action having been removed to the United States District Court for the Southern District of Mississippi, Western Division.  ACCC is without sufficient knowledge or

information with which to admit any remaining allegations contained in paragraph 5 of the Complaint and therefore denies the same, and requests proof thereof.

## FACTS

6. ACCC is without sufficient knowledge or information to determine the truth of the allegations of Paragraph 6 of the Complaint and therefore denies the same and request proof thereof.

7. ACCC admits that ACCC issued automobile policy number MSE0261226-5 to Sheryl Cotton as the named insured, insuring the subject 2008 Pontiac G5, which provided coverage for "collision" and "coverage for damage to your auto other than collision" subject to the terms, conditions and policy periods of the subject policy and Mississippi law. The subject policy did include an endorsement effective on December 23, 2014, which named Pelican Auto Finance, LLC as a loss payee. Defendant denies the remaining allegations of Paragraph 7 of the Complaint and requests proof thereof.

8. ACCC admits that on February 19, 2015, the subject ACCC policy was in effect. ACCC is without sufficient information to determine the truth of the remaining allegations of Paragraph 8 of the Complaint. Those allegations are, therefore, denied, and proof thereof is required.

9. ACCC denies the allegations of Paragraph 9 of the Complaint and proof thereof is required.

## COUNT I

## BREACH OF CONTACT AGAINST ACCC

10. ACCC incorporates and restates by reference herein the answers set forth in Paragraphs 1- 9.

11. ACCC denies the allegations of Paragraph 11 of the Complaint and proof thereof is required.

12. ACCC denies the allegations of Paragraph 12 of the Complaint and proof thereof is required.

## COUNT II

## DECLARATORY JUDGMENT AGAINST ACCC

13. ACCC incorporates and restates by reference herein the answers set forth in Paragraphs 1- 12.

14. ACCC admits that on February 19, 2015, the subject ACCC policy was in effect, subject to the terms and conditions of the policy and applicable Mississippi law. ACCC further admits that the subject policy did include an endorsement effective on December 23, 2014, which named Pelican Auto Finance, LLC as a loss payee. Defendant denies the remaining allegations of Paragraph 14 of the Complaint and requests proof thereof. ACCC denies the remaining allegations of Paragraph 14 of the Complaint and proof thereof is required.

15. ACCC admits that Plaintiff has sought payment under the subject ACCC policy for a loss to the vehicle at issue. ACCC denies the remaining allegations of Paragraph 15 of the Complaint and proof thereof is required.

16. ACCC admits that Plaintiff seeks a declaratory judgment as set forth herein but denies that Plaintiff is entitled to such declaratory relief. ACCC denies the remaining allegations of Paragraph 16 of the Complaint and proof thereof is required.

17. ACCC denies the allegations of Paragraph 17 of the Complaint and proof thereof is required.

18. ACCC admits that Plaintiff seeks a declaratory judgment as set forth herein but denies that Plaintiff is entitled to such declaratory relief. ACCC denies any remaining allegations of Paragraph 18 of the Complaint and proof thereof is required.

19. ACCC denies the allegations of Paragraph 19 of the Complaint and proof thereof is required.

## COUNT III

### NEGLIGENCE AND GROSS NEGLIGENCE AGAINST ACCC

20. ACCC incorporates and restates by reference herein the answers set forth in Paragraphs 1- 19.

21. ACCC denies the allegations of Paragraph 21 of the Complaint and proof thereof is required.

22. ACCC denies the allegations of Paragraph 22 of the Complaint and proof thereof is required.

23. ACCC denies the allegations of Paragraph 23 of the Complaint and proof thereof is required.

## COUNT IV

### BREACH OF FIDUCIARY DUTY AGAINST ACCC

24. ACCC incorporates and restates by reference herein the answers set forth in Paragraphs 1- 23.

25. ACCC denies the allegations of Paragraph 25 of the Complaint and proof thereof is required.

26. ACCC denies the allegations of Paragraph 26 of the Complaint and proof thereof is

required.

27. ACCC denies the allegations of Paragraph 27 of the Complaint and proof thereof is required.

28. ACCC denies the allegations of Paragraph 28 of the Complaint and proof thereof is required.

## COUNT V

### FRAUDULENT MISREPRESENTATION AND/OR OMISSION AGAINST ACCC

29. ACCC incorporates and restates by reference herein the answers set forth in Paragraphs 1- 28.

30. ACCC denies the allegations of Paragraph 30 of the Complaint and proof thereof is required.

31. ACCC denies the allegations of Paragraph 31 of the Complaint and proof thereof is required.

32. ACCC denies the allegations of Paragraph 32 of the Complaint and proof thereof is required.

33. ACCC denies the allegations of Paragraph 33 of the Complaint and proof thereof is required.

## COUNT VI

### BAD FAITH REFUSAL TO PAY INSURANCE BENEFITS AGAINST ACCC

34. ACCC incorporates and restates by reference herein the answers set forth in Paragraphs 1- 33.

35. ACCC denies the allegations of Paragraph 35 of the Complaint and proof thereof is

required.

36. ACCC denies the allegations of Paragraph 36 of the Complaint and proof thereof is required.

37. ACCC denies the allegations of Paragraph 37 of the Complaint and proof thereof is required.

38. ACCC denies the allegations of Paragraph 38 of the Complaint and proof thereof is required.

## COUNT VII

## ESTOPPEL AND DETRIMENTAL RELIANCE AGAINST ACCC

39. ACCC incorporates and restates by reference herein the answers set forth in Paragraphs 1- 38.

40. ACCC denies the allegations of Paragraph 40 of the Complaint and proof thereof is required.

41. ACCC denies the allegations of Paragraph 41 of the Complaint and proof thereof is required.

## COUNT VIII

## PUNITIVE DAMAGES

42. ACCC incorporates and restates by reference herein the answers set forth in Paragraphs 1- 41.

43. ACCC denies the allegations of Paragraph 43 of the Complaint and proof thereof is required.

44. ACCC denies the allegations of Paragraph 44 of the Complaint and proof thereof is

required.

## COUNT IX

## BREACH OF CONTRACT AGAINST MYRIO COTTON AND SHERYL COTTON

45. ACCC incorporates and restates by reference herein the answers set forth in Paragraphs 1- 44.

46. ACCC denies the allegations of Paragraph 46 of the Complaint as they pertain to ACCC and requires proof thereof. ACCC is without sufficient knowledge or information to determine the truth of any remaining allegations of Paragraph 46 of the Complaint and therefore denies the same and requests proof thereof.

## PRAYER FOR RELIEF

47. ACCC denies the allegations of Paragraph 47 of the Complaint, including sub-parts a.-h., as they pertain to ACCC and requires proof thereof. ACCC states that the Plaintiff is entitled to recover nothing from it. ACCC is without sufficient knowledge or information to determine the truth of any remaining allegations of Paragraph 47 of the Complaint and therefore denies the same and requests proof thereof.

In response to the un-numbered paragraph of the Complaint beginning "WHEREFORE, PREMISES CONSIDERED," ACCC denies that the Plaintiff is entitled to recover damages from it. ACCC states that the Plaintiff is entitled to recover nothing from it.

Any remaining allegations of any paragraph of the Complaint not specifically admitted are hereby denied and proof thereof is required.

AND NOW, having answered the Complaint, paragraph by paragraph, ACCC asserts the following Affirmative Defenses:

**AFFIRMATIVE DEFENSE NO. 1.**

The Complaint fails to state a claim upon which relief can be granted.

**AFFIRMATIVE DEFENSE NO. 2.**

To the extent appropriate, the Defendant asserts Miss. Code Ann. § 85-5-7, as amended.

**AFFIRMATIVE DEFENSE NO. 3.**

The facts not having fully been developed, Defendant further affirmativly evokes and pleads the protection and provisions of F.R.C.P. and/or M.R.C.P. 8(c), including: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge and bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, latches, license, payment, release, *res judicata,* statue of frauds, statute of limitations, waiver, intervening and superceding cause, improper venue, and any other matter constituting an avoidance or affirmative defense.

**AFFIRMATIVE DEFENSE NO. 4**.

ACCC asserts that the Plaintiff may have failed to mitigate its damages, if any.

**AFFIRMATIVE DEFENSE NO. 5.**

The Plaintiff and/or Co-Defendants or one of them may have failed to perform and/or satisfy conditions precedent to obtaining coverage and/or benefits under the terms and conditions of the ACCC policy and applicable Mississippi law.

**AFFIRMATIVE DEFENSE NO. 6.**

ACCC states that any recovery of benefits is limited by the applicable policy, its policy limits, and other terms and conditions of the Shelter policy and applicable Mississippi law.

**AFFIRMATIVE DEFENSE NO. 7**.

One or more of the Plaintiff's claims may be barred by the applicable statute of limitations, waiver or latches.

**AFFIRMATIVE DEFENSE NO. 8.**

The Plaintiff's claims, or some of them, are and may be barred by the Statute of Frauds or Parole Evidence.

**AFFIRMATIVE DEFENSE NO. 9.**

Plaintiff has not suffered any injury or damage by reason of any act or omission of the Defendant ACCC, or anyone acting on its behalf.

**AFFIRMATIVE DEFENSE NO. 10.**

The Defendant ACCC specifically reserves onto itself the right to amend its answer, including both the ability to assert and the option of asserting additional affirmative defenses as additional facts are gathered.

**AFFIRMATIVE DEFENSE NO. 11.**

This Defendant avers that the claims for punitive or other extra-contractual damages are not constitutionally permissible under either the Mississippi constitution or the United States Constitution.

**AFFIRMATIVE DEFENSE NO. 12.**

Any award of punitive damages would be in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article 3, Section 14 of the Mississippi Constitution since the standards for imposing liability and for assessing the amount of punitive damages are unconstitutionally vague. Moreover, the application of such standards is arbitrary, capricious, and not rationally related to any legitimate governmental interest.

**AFFIRMATIVE DEFENSE NO. 13.**

Any claim for punitive damage violates the substantive and procedural due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, Sections 14, 24, and 25 of the Mississippi Constitution since such claims chill this Defendant's access to court and to counsel.

**AFFIRMATIVE DEFENSE NO. 14.**

Any assessment of punitive damages based on net worth, retained earnings, or wealth would be in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

**AFFIRMATIVE DEFENSE NO. 15.**

Since punitive damages are penal in nature, this Defendant is entitled to the same procedural safeguards accorded those charged with crimes against the State or the United States; thus, an assessment of punitive damages herein would be in violation of the Sixth Amendment of the United States Constitution.

**AFFIRMATIVE DEFENSE NO. 16.**

This Defendant pleads the applicable provisions of Miss. Code Ann. § 11-1-65 to the extent that Plaintiffs herein allege any tort action for punitive damages.

**AFFIRMATIVE DEFENSE NO. 17.**

Every element of Plaintiff's claims for punitive damages must be proved beyond a reasonable doubt, because without such proof, said claim would violate this Defendant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 3, Section 14 of the Mississippi Constitution.

**AFFIRMATIVE DEFENSE NO. 18.**

Any award of punitive damages to Plaintiff under Mississippi law without requiring a bifurcated trial as to all punitive damage issues would violate this Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and under Article 3, Section 14 of the Mississippi Constitution.

**AFFIRMATIVE DEFENSE NO. 19.**

An award of punitive damages to the Plaintiff under Mississippi law by a jury that is not instructed on the principles of deterrence and punishment as limiting factors on punitive damages and not instructed to award solely that amount of punitive damages reflecting a principled relationship between the amount of punitive damages and actual harm suffered by the Plaintiff would violate this Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article 3, §§ 14 and 28 of the Mississippi Constitution.

**AFFIRMATIVE DEFENSE NO. 20.**

An award of punitive damages without affording this Defendant protection similar to those afforded criminal defendants including protection against unreasonable searches and seizures, double jeopardy, or impermissible multiple punishments and compel self-incrimination, the right to confront adverse witnesses, to compulsory process for favorable witnesses, to the effected assistance of counsel and to a unanimous verdict of a twelve-person jury on every element of an award of punitive damages would violate this Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and provided by Article 3, §§ 14, 22, 23, 26, and 31 of the Mississippi constitution

**AFFIRMATIVE DEFENSE NO. 21.**

Any award of punitive damages against this Defendant would violate this Defendant's right to protection from excessive fines provided by Article 3, § 28 of the Mississippi Constitution.

**AFFIRMATIVE DEFENSE NO. 22.**

Any award of punitive damages based in whole or in part on the net worth, wealth, or value of assets of this Defendant would deny this Defendant its right to equal protection guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article 3, § 14 of the Mississippi Constitution.

**AFFIRMATIVE DEFENSE NO. 23.**

Any award of punitive damages that is not based on the guidelines set forth in *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) and its progeny, including *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513, 155 L. Ed. 2d 585, 71 USLW 4282 (2003), would violate this Defendant's rights under the Due Process Clause, the Fourteenth Amendment and other provisions of the United States Constitution.

**AFFIRMATIVE DEFENSE NO. 24.**

The act or omissions of third parties over whom ACCC had no control, whose acts or omissions ACCC had no reason to anticipate, and for whom ACCC is not liable approximately caused or contributed to the damages, injuries, and losses, if any, sustained by the Plaintiff. These acts or omissions of third parties constitute the efficient, intervening causes of Plaintiff's damages, injuries, and losses, if any, and supercede any alleged wrongful act or omission on the part of ACCC.

**AFFIRMATIVE DEFENSE NO. 25.**

The Complaint must be dismissed pursuant to F.R.C.P. 12(b)6 and/or 12(e), or on the alternative, Plaintiff must replead the Complaint, in order to satisfy the requirements of F.R.C.P. 8, 9 and 11.

**AFFIRMATIVE DEFENSE NO. 26.**

Plaintiff has not pled claims of fraud and fraudulent misrepresentation with the particularity required by the applicable rules of civil procedure and should therefore be dismissed as against ACCC.

**AFFIRMATIVE DEFENSE NO. 27.**

ACCC submits that joinder of Plaintiff's claims and/or joinder of the various Defendants is improper and this action should be dismissed, severed, or transferred to an appropriate venue.

**AFFIRMATIVE DEFENSE NO. 28.**

Plaintiff is not an insured under the subject ACCC policy.  For this and other reasons, Plaintiff lacks capacity and standing to file suit in this matter.  Accordingly, Plaintiff's claims against ACCC should be dismissed from this action.

**AFFIRMATIVE DEFENSE NO. 29.**

Defendant ACCC alleges and incorporates all of the terms, conditions, exclusions and definitions contained in any ACCC policy applicable in this matter.

AND NOW, having fully answered the allegations against it, Defendant ACCC prays that the Complaint filed against it be dismissed and/or that declaratory relief be granted in ACCC's favor finding no coverage for any and all claims and that all costs be taxed to the Plaintiff.

Respectfully submitted, this the  4th  day of January, 2016.

**ACCC INSURANCE COMPANY**

BY:    */s/ R. Bradley Best*
        R. BRADLEY BEST, MSB #10059
        EDWARD R. MCNEES, MSB #102314

**OF COUNSEL:**

HOLCOMB, DUNBAR, WATTS,
BEST, MASTERS & GOLMON, P.A.
400 South Lamar, Suite A
P.O. Drawer 707
Oxford, Mississippi 38655
662-234-8775 telephone
662-238-7552 facsimile

**CERTIFICATE OF SERVICE**

I, R. BRADLEY BEST, of Holcomb, Dunbar, Watts, Best, Masters & Golmon, P.A., do hereby certify that I have this date served via ECF a true and correct copy of the above and foregoing to:

Joe S. Deaton, III
R. Jason Canterbury
Deaton & Berry, P.A.
P.O. Box 320099
Flowood, MS 39232
*Counsel for Pelican Auto Finance, LLC*

And via U.S. mail, postage prepaid, to:

Myrio Cotton
112 Austin Guy Road
Tylertown, MS 39667

Sheryl Cotton
112 Austin Guy Road
Tylertown, MS 39667

THIS, the  4th  day of January, 2016.

 */s/ R. Bradley Best*
R. BRADLEY BEST